UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES DALEY and KRISTEN DALEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-125 |
| | ) | Judge Phillips |
| MOUNTAIN EMPIRE RADIOLOGY, P.C., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants MCOT, Inc. ("MCOT") and Timothy D. Hall's motion for judgment on the pleadings [doc. 25] and motion for leave to file supplemental authority [doc. 59]. The motion for judgment on the pleadings has been fully briefed [docs. 26, 52, 54, 58] and is ripe for determination. For the reasons set forth herein, the defendants' motion for leave to file supplemental authority [doc. 59] will be granted, to the extent that the Court has considered the supplemental authority, and defendant's motion for judgment on the pleadings [docs. 25] will be granted in part and denied in part.

**I.    Relevant Facts**

Mountain Empire Radiology ("MER") is a provider of radiological services and provided medical treatment to plaintiff Kristen Daley. Thus, Mrs. Daley owed MER for the cost of that medical treatment. When that debt went unpaid, MER hired MCOT, a collection agency, to collect the amount. MCOT, by its attorney, Mr. Hall, filed a collection action in the Greene County General Sessions Court. On February 15, 2018,

that court entered a judgment against Mr. and Mrs. Daley in the amount of $712.24. Subsequent to the entry of judgment, MER obtained a garnishment of Mrs. Daley's wages in the amount of $996.41. Plaintiffs assert violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by defendants MCOT and Mr. Hall.[1]

## II.     Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). That is, "all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. The Court construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief. *Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir. 2010), *cert. denied*, 562 U.S. 1201 (2011) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007)).

Applying the pleading requirements outlined in *Bell Atlantic Corp. v. Twombly,* 550

---

[1] Plaintiffs initially also named MER as a defendant in this action, and alleged violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*, and Regulation B, 12 C.F.R. § 202.1, *et seq.*, by MER. However, Plaintiffs have since voluntarily dismissed their claims against MER.

U.S. 544 (2007), and *Iqbal* to Rule 12(c) motions, plaintiffs must "plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Albrecht,* 617 F.3d at 893 (citation and internal quotation marks omitted); *see New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050-51 (6th Cir. 2011). When considering a Rule 12(c) motion, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)). However, "[i]f it is at all plausible (beyond a wing and a prayer) that a plaintiff would succeed if he proved everything in his complaint, the case proceeds." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018) (citations omitted). The Court may consider documents central to the plaintiffs' claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**III. Analysis**

As an initial matter, this Court has reviewed Defendants' motion for leave to file supplemental authority [doc. 59], in which the Defendants ask the Court to consider this Court's recent decision in *Drake et al. v. Greeneville Collection Service, et al.,* No. 2:19-cv-01 (E.D. Tenn. Oct. 16, 2019). Defendants' motion [doc. 59] is **GRANTED**, to the extent that the Court has reviewed and considered the *Drake* case.

The FDCPA is an "extraordinarily broad" statute intended to address debt collection abuse by unscrupulous debt collectors. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)). The Act identifies specific conduct that is prohibited, but it also generally prohibits

3

any harassing, unfair, or deceptive debt collection practice. *Id.* To determine whether conduct fits within the broad scope of the FDCPA, the conduct is viewed through the eyes of the "least sophisticated consumer." *Id.* This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices. *Id.*

In the second amended complaint, plaintiffs assert the following violations of the FDCPA:

- defendants falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) by representing that Mr. Daley owed the debt by virtue of his marriage to Mrs. Daley [Doc. 45 at ¶ 71];

- defendants violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false [*Id.*];

- defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect the debt [*Id.*];

- defendants misrepresented plaintiffs' rights under Tennessee law in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f [*Id.* at ¶ 73];

- defendants attempted to collect a debt from Mr. Daley that he did not owe, thus threatening to take and actually took action that it could not legally take in violation of 15 U.S.C. § 1692e(5), and also engaged in intentional or negligent conduct to harass, oppress, or abuse any person in connection with collection of a debt in violation of 15 U.S.C. § 1692(d) [*Id.* at ¶ 74]; and

- defendants falsely represented that the civil summons and affidavit of sworn account were communications from an attorney in violation of 15 U.S.C. § 1692e(3) [*Id.* at ¶ 79].

1. <u>False Representation of the Character or Legal Status of the Debt</u>

The FDCPA defendants first argue that some of the FDCPA claims should be dismissed as precluded by the *Rooker-Feldman* doctrine. [Doc. 26 at 6-9]. Specifically, the defendants argue that the claims that they attempted to collect a debt that Mr. Daley did not owe and that they falsely represented the character or legal status of the debt are precluded because an adjudication of those claims would require review and rejection of the state court judgment. Plaintiffs assert that they are not attacking the underlying merits of the state court judgment, just the manner in which the defendants attempted to collect the debt. [Doc. 52 at 11].

The *Rooker-Feldman* doctrine arises out of two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Supreme Court clarified the *Rooker-Feldman* doctrine stating that application of the doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Both the plaintiffs in *Rooker* and *Feldman* requested the district court "overturn an injurious state-court judgment" but only the Supreme Court has jurisdiction to review a state court's judgment. *Id.* at 292.

The Court must look at the source of the plaintiff's injury alleged in the federal complaint to determine whether a claim is one that attacks a state court judgment, and thus is within the *Rooker-Feldman* scope, or an independent claim over which a district court

may assert jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* For a claim to fall within the *Rooker-Feldman* doctrine's scope, "the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim." *Id.* at 394.

The Court agrees that some of Plaintiffs' FDCPA claims are claims which attack the state court judgment: Plaintiffs' claims that Defendants are attempting to collect a debt from Mr. Daley that he does not owe [doc. 45 at ¶ 74] and the claim that defendants have falsely represented that Mr. Daley owes the debt by virtue of his marriage to Mrs. Daley. [*Id.* at ¶ 71]. In short, Mr. Daley claims that he does not owe the debt to MER, whereas the state court judgment concludes that he does owe the debt. "To sustain such a claim would require the Court to exercise appellate review of the state court judgment, . . . The plaintiffs in this claim are directly challenging the underlying debt, not the collection efforts." *Singleton v. Hospital of Morristown*, Nos. 2:15-CV-287; 2:15-CV-290, 2016 WL 7315351, at *5 (E.D. Tenn. Dec. 14, 2016). Thus, the FDCPA claims premised on finding that Mr. Daley does not owe the debt fall within the scope of the *Rooker-Feldman* doctrine and will be dismissed.

2. Misrepresentation of Plaintiffs' Rights

Plaintiffs next claim that the civil summons form misrepresented the Plaintiffs' rights under Tennessee law. [Doc. 45 at ¶ 73]. Tenn. Code Ann. § 24-5-107 states in

pertinent part as follows:

> (a) An account on which action is brought . . . with the affidavit of the plaintiff or its agent to its correctness . . . is conclusive against the party sought to be charged, unless that party on oath denies the account or except as allowed under subsection (b).
>
> (b) The court shall allow the defendant orally to deny the account under oath and assert any defense or object the defendant may have.

Tenn. Code Ann. § 24-5-107. As the defendants acknowledge, the statute allows two ways for a debtor to contest the correctness of a suit filed on a sworn account: (1) by filing a sworn denial of the account; or (2) appearing in court and orally denying the account under oath. [Doc. 26 at 10-11]. *See Nat'l Bankers Trust Corp. v. Peak Logistics, LLC*, No. 12-2268, 2014 WL 5343598, at *3, n.15 (W.D. Tenn. Oct. 20, 2014) ("under the statute, 'a plaintiff can obtain judgment in a suit on a sworn account without the necessity of calling any witnesses unless the defendant files a sworn denial of the account or appears at the hearing and orally denies the account under oath'") (quoting *Clark Power Servs. v. Mitchell*, No. E2007-01489-COA-R3-CV, 2008 WL 2200047, at *3 (Tenn. Ct. App. May 27, 2008)).

The provision of the civil summons of which Plaintiffs complain states as follows:

> **TO DEFENDANTS WHO HAVE BEEN SUED ON A SWORN ACCOUNT:**
> Tennessee law provides that should you desire a trial to contest a suit which has been filed against you on a sworn account, you must deny the correctness of the account in writing, under oath. This sworn denial should be sent to and received by the plaintiff or his/her attorney prior to the trial date set on the face of this warrant. Failure to comply with this procedure may result in the continuance of the suit or the entry of a judgment against you.

[Doc. 45-1 at 2]. Thus, Plaintiffs appear to complain that the civil summons only identifies

7

one of the ways in which a defendant may contest a sworn account under Tennessee law—by filing a sworn denial—and that the omission of the second option—appearing in court and orally denying the account under oath—is a misrepresentation of their rights under the FDCPA.

Defendants argue that the plaintiffs have not alleged a material misrepresentation as the second amended complaint contains no factual allegations that Plaintiffs were misled, confused, or that the alleged misrepresentation influenced their behavior. [Doc. 26 at 11]. Plaintiffs respond that the civil summons is an actionable communication that contains false representations of the Plaintiffs' rights and could be construed as a "threat" under the FDCPA. [Doc. 52 at 13-19]. Plaintiffs also argue that the misrepresentation is material, that is, it would mislead or confuse the least sophisticated consumer. [*Id*. at 19-23].

The second amended complaint summarily alleges that the summons is "a false, deceptive, and misleading representation[] of Plaintiffs' rights under state law, and threat to take action that cannot legally be taken" [*Id*.]. However, Plaintiffs failed to allege any facts to support this claim, as they have failed to allege that they were confused or misled in any way in response to the summons. Indeed, the second amended complaint contains no facts at all regarding the Plaintiffs' response to the collection action; there is no allegation that Plaintiffs took or refrained from taking any action because of the purportedly incomplete description of their rights under Tennessee law. Despite the broad sweep and remedial intent of the FDCPA, Plaintiffs are still required to allege a plausible claim for relief beyond a formulaic recitation of the prohibitions in the statute and they have not done so. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 570. Accordingly, Plaintiffs' claims of

misrepresentation will be dismissed.[2]

### 3. False Representation or Implication That Communication is From an Attorney

Plaintiffs allege that Mr. Hall's name on the summons falsely implied that he was involved in their case before the collection lawsuit was filed and he determined that they were a candidate for legal action, in violation of section 1692e(3) of the FDCPA. [Doc. 45 at ¶¶ 77-81]. Specifically, the second amended complaint alleges, "[o]n information and belief, Hall did not review any of MER's alleged claims against Mr. Daley in order to make a determination if a collection lawsuit should be filed against him and the amount to be demanded from him in the collection lawsuit," and "Hall did not have any direct personal involvement in the drafting of the civil summons or the sworn affidavit." [Doc. 45 at ¶¶ 75-76]. Thus, Plaintiffs allege that Mr. Hall was not "meaningfully involved" in their file. [*Id.* at ¶¶ 77-81].

Defendants argue that Plaintiffs have failed to allege that the misrepresentation was material or that they were misled or confused in any manner. [Doc. 26 at 12-13].[3] Plaintiffs

---

[2]The second amended complaint also alleges that the purported misrepresentation of Plaintiffs' rights is a violation of FDCPA § 1692f [Doc. 45 at ¶ 73], which generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." As defendants argue [doc. 26 at 11, n.3], a § 1692f claim does not state an independent claim for relief if it fails to identify any conduct beyond that which is already asserted to be a violation of the Act. *See, e.g., Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). Accordingly, to the extent that Plaintiffs have alleged a separate claim under § 1692f, that claim will be dismissed.

[3]Alternatively, defendants suggest that the Court find section 1692e(3) of the FDCPA to be void for vagueness because it does not establish a specific test for meaningful attorney involvement. [Doc. 26 at 13-14]. The Court declines this invitation. *See Consumer Fin. Protection Bureau v. Frederick J. Hanna & Assoc., P.C.*, 114 F. Supp. 3d 1342, 1368-69 (N.D. Ga. 2015) (rejecting a void for vagueness argument as to § 1692e).

argue that if Mr. Hall had no direct personal involvement in reviewing their file or preparing the summons and sworn account, then his identification as MER's attorney on the summons gives the false impression that he had meaningfully reviewed their file [Doc. 52 at 23-25].

The FDCPA prohibits a false representation "that any communication is from an attorney." 15 U.S.C. § 1692e(3). As discussed at length in *Consumer Fin. Protection Bureau v. Frederick J. Hanna & Assoc., P.C.*, 114 F. Supp. 3d 1342, 1362-69 (N.D. Ga. 2015), courts have held that a "communication" that is literally from an attorney, including a collection complaint, may violate § 1692e(3) if the attorney was not meaningfully involved in drafting the communication. *Id*. at 1363-65. "The least sophisticated consumer is likely to believe when served with a debt collection complaint that a lawyer has reviewed his account and determined that the creditor has a valid claim. . . . So while it is true that the stakes have already been raised when a debtor has been served with a debt-collection complaint, if that complaint has had no meaningful attorney oversight, then there is a real possibility that it is legally or factually untenable." *Id*. at 1366-67.

This seems to be what the Plaintiffs are alleging, albeit cursorily. They allege that Mr. Hall did not review MER's claims against Mr. Daley to determine if a collection action should be filed against him and he was not involved in drafting the civil summons or sworn affidavit. [Doc. 45 at ¶¶ 75-76]. As Plaintiffs note [doc. 52 at 23], the parties have not engaged in significant discovery so it is unclear at this point whether the facts will support these allegations. However, at this stage, Plaintiffs have stated a plausible claim for relief under § 1692e(3) and this claim will not be dismissed.

## IV. Conclusion

Accordingly, for the reasons stated above, Defendants' motion for leave to file supplemental authority [doc. 59] will be granted, to the extent that the Court has considered the supplemental authority offered by Defendants, and Defendant's motion for judgment on the pleadings [doc. 25] will be granted in part and denied in part. Defendants' motion will be denied as to Plaintiffs' claim alleging false representation that a communication is from an attorney, and this claim will be allowed to proceed. Defendants' motion is granted in all other respects, and Plaintiffs' remaining claims will be dismissed. An order consistent with this opinion will follow.

                                                s/ Thomas W. Phillips
                                            SENIOR UNITED STATES DISTRICT JUDGE